UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED TRANSACTION, PROCESSING LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  22 C 6806 |
| TAPESTRY, INC., | ) ) Judge Rebecca R. Pallmeyer |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Tapestry, Inc. moves to dismiss the suit brought against it by Consolidated Transaction Processing, LLC for patent infringement.  Tapestry argues that the asserted claims lack patent-eligible subject matter under 35 U.S.C. § 101 ("§ 101").  For the reasons explained here, the motion [9] is granted, and the complaint is dismissed without prejudice.  Before entering a final judgment or declaration of patent invalidity, however, the court will convene a hearing to permit Consolidated Transaction Processing an opportunity to defend its patent.

## BACKGROUND

Consolidated Transaction Processing, LLC ("CTP") is a limited liability company headquartered in Nevada with a place of business in New Jersey.  (Compl. [1] ¶ 2.)  Tapestry, Inc. ("Tapestry") is the parent international holding company of fashion retailers Coach, Kate Spade, and Stuart Weitzman.  CTP is the assignee and owner of U.S. Patent Nos. 8,712,846 (Compl., Ex. A ("patent '846") [1-1]) and 8,396,743 (Compl., Ex. B. ("patent '743") [1-2].  (Compl. ¶¶ 28, 33.)  The United States Patent and Trademark Office ("USPTO") issued patents '743 and '846 ("asserted patents" or "patents-in-suit") on March 12, 2013 and April 29, 2014, respectively. (*Id.*)  Inventor Robert S. Alvin developed what he claimed are methods and apparatuses for internet transactions based on user-specific information to send targeted product offerings to

potential customers. The asserted patents summarize the invention in their respective specifications:

> Targeted products are offered over a communications network. Product data for a plurality of products from a plurality of distributors for the products is received. Customer data from a plurality of customers comprising personal information about customers is received. Using the data, at least one user-specific product offering from the plurality of products is generated. Automated messages comprising [of] at least one user-specific product offering to the one or more customers are then sent.

'743 pat., 3:40–59; '846 pat., 3:40–59.

In its complaint, CTP claims the patents offer several advantages over the prior art. Specifically, CTP claims that the '846 patent enables the generation of an online catalogue of products from multiple distributors that is periodically updated throughout the day as product information becomes available from the distributors. (Compl. ¶ 14.) The patented process updates the product offerings based on the type of customer, the distributors' price, the distributors' cost or profit margins, and any discounts the distributors may be offering to different types of customers such as students or businesses. (*Id.* ¶ 15.) The '846 patent describes storing customer information to generate a more personalized shopping experience, providing targeted advertising, purchase incentives, specialized promotions, or competitive pricing. (*Id.* ¶ 16.) A centralized database allows customers to filter through distributors' offerings based on various metrics such as availability, price, and shipping speed, a process that CTP claims was previously impossible because the information was not centralized. (*Id.* ¶ 17.)

The complaint alleges that "centralization of the product database provides increased database security and consistency of data, as no individual distributor can modify the database contents."[1] *Id.* CTP claims that the asserted patents provide a more personalized shopping experience than was previously available: while customer data was previously stored in each

---

[1] As the court understands this allegation, CTP means the security of the distributors' data is not at risk, because each distributor can only update its own inventory and pricing. This means that the centralized product database does not jeopardize data security -- not that data security is increased.

distributor's own database, it was not used to "dynamically generate catalogs with user-specific product offerings . . . from the plurality of distributors." (*Id.* ¶ 18.) CTP also states that prior systems simply provided "static catalogues" that offered only the inventory of individual distributors; the patented method, according to CTP, uses product and customer data together to provide a more dynamic catalogue reflecting the information. (*Id.*) The result is presentation of a wider range of product offerings to any given customer, a presentation that is sensitive to such issues as price, availability, shipping speed, distributor's desired profit margin, and any previous transactions between the customer and distributor. (*Id.* ¶ 19.)

CTP alleges that its patented inventions are technological improvements that solve problems arising from internet transactions and expand the role of the Internet in businesses that had historically maintained inventory in their respective warehouses and had used the internet "mainly as an advertising medium and to replace catalog or infomercial type advertising." (*Id.* ¶ 21.) CTP also claims that the patents-in-suit are technological advancements that improve the functioning of electronic catalogues and payment authorization systems used for transaction processing as they generate product offerings, authorize distributors to ship the goods, and send automated order-confirmation messages to customers. (*Id.* ¶ 23.) In sum, CTP asserts that the inventive concepts within the patents-in-suit provide "a new and novel solution to specific problems related to automating the process of targeted advertising, targeted product offering, and retail sales transaction processing by dynamically utilizing customer data and product data." (*Id.* ¶ 24.)

CTP alleges that Tapestry has directly infringed on the following claims of patent '846:

**'846 Patent, Claim 1**

> A computer-implemented method for targeted product offering, the method comprising:
>
> Receiving product data for a plurality of products from a plurality of distributors for the products via a communications network;

> Receiving customer data from a plurality of customers, the customer data comprising location information associated with customers, the location information derived from an IP address associated with one or more of the customers;
>
> Generating, at least in part from the customer data, user-specific product offerings from the plurality of products; and
>
> Sending, by a computer, automated messages comprising the user-specific product offerings to the one or more of the customers.

**'846 Patent, Claim 3**

> The method of claim 1, wherein the product data comprises of at least one of: product description, quantity available, and price for each of the products for each of the distributors

**'846 Patent, Claim 4**
> The method of claim 1, wherein the customer data comprises at least one of: IP (Internet Protocol) address, IP host name, customer name, billing address, email address, and purchase patterns.

('846 pat, 12:35–50, 56–63.)

CTP alleges, further, that Tapestry directly infringed upon the following claims of patent '743:

**'743 Patent, Claim 1**
> A computer-implemented method for targeted product offering, the method comprising:
>
> Receiving product data for a plurality of products from a plurality of distributors for the products via a communications network;
>
> Receiving customer data from a plurality of customers, the customer data comprising location information associated with customers, the customer location information derived from an IP associated with the customer;
>
> Generating, at least in part from the personal information concerning a customer location, at least one user-specific product offering from the plurality of products; and sending, by a computer, automated messages comprising the at least one user-specific product offering to the one or more customers.

**'743 Patent, Claim 4**

> The method of claim 1, wherein the customer data comprises at least one of: IP (Internet Protocol) address, IP host name, customer name, billing address, email address, and purchase patterns.

4

'743 pat., 12:35–50, 12:58–61. To summarize, the claims that CTP alleges Tapestry infringed upon describe the process of using a computer to gather data from a plurality of distributors and customers and then using that data to create a targeted advertising system that sends users specific offers based on such personal information as geographic location, IP address, purchase patterns, billing address, and email address. Each patent includes a schematic outlining the process:



'846 pat., Fig. 1; '743 pat, fig. 1.

In recent months, CTP has filed dozens of lawsuits against online retailers throughout the United States to enforce the asserted patent. Here in the Northern District of Illinois alone, six such lawsuits are pending. This suit against Defendant Tapestry was filed on December 5, 2022 (Compl. [1]); CTP filed nine other suits on the same day against various online retailers, alleging infringement of the same asserted patents. In 2023, CTP followed up with an additional nine cases. Many of these have been voluntarily dismissed[2], but in this case, Tapestry moves to

---

[2] Of 11 suits filed by CTP in this district on December 5, 2022, nine have been voluntarily dismissed with prejudice. *Consol. Transaction Processing LLC v. ARO Liquidation, Inc.*, No 1:22-cv-06804 (N.D. Ill); *Consol. Transaction Processing LLC v. The Container Store Group, Inc.*, No. 1:22-cv-06807 (N.D. Ill); *Consol. Transaction Processing LLC v. Urban Outfitters,*

5

dismiss for failure to state a claim. Tapestry contends that the asserted patents are directed to the abstract idea of targeted product offerings and recite no inventive concepts beyond that idea. (Def.'s Mot. to Dismiss [9] at 1.)

## DISCUSSION

### I. Legal Standard for Patent Eligibility on a Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the court "must construe all of the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor." *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). All patents are presumed valid, and the party challenging patent eligibility must present clear and convincing evidence that the patent covers ineligible subject matter. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). A patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. But the Supreme Court held that § 101, which defines the subject matter eligible for patent protection, contains an exception, precluding patent protection for "laws of nature, natural phenomena, and abstract ideas." *Alice Corp. Pty. V. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citing *Ass'n for Molecular Pathology v. Myriad of Genetics, Inc.*, 569 U.S. 576, 589 (2013)).

That principle requires dismissal of this case, Tapestry argues, because the asserted patents are directed to an abstract idea. The court can address this argument at the motion-to-dismiss stage; evaluating a patent claim's subject matter eligibility under § 101 can occur before formal claim construction. *Genetic Techs Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1374 (Fed. Cir. 2016). "[C]laim construction is not an inviolable prerequisite to a validity determination under § 101." *Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada (U.S.)*, 687 F.3d 1266, 1273

---

*Inc.*, No. 1: 22-cv-06808 (N.D. Ill); *Consol. Transaction Processing LLC v. Patagonia, Inc.*, No. 1:22-cv-06810 (N.D. Ill); *Consol. Transaction Processing LLC v. Saks Fifth Avenue LLC*, No. 1:22-cv-06811 (N.D. Ill); *Consol. Transaction Processing LLC v. Shoe Carnival, Inc.*, No. 1:22-cv-06813 (N.D. Ill); *Consol. Transaction Processing LLC v. Target Corp.*, No. 1:22-cv-06814 (N.D. Ill); *Consol. Transaction Processing LLC v. Vans, Inc.*, No. 1:22-cv-06817 (N.D. Ill); *Consol. Transaction Processing LLC v. West Marine, Inc.*, No. 1:22-cv-06818 (N.D. Ill.).

(Fed. Cir. 2012). In this case, Tapestry does not contest the meaning of any claim terms, and CTP has not proposed any claim constructions for the asserted patents that would affect the court's analysis on a 12(b)(6) motion. Accordingly, the court turns to determining whether the asserted patents are directed to an abstract idea, rendering them unpatentable.

### A. Patent eligibility determinations on a Rule 12(b)(6) motion

"A patent may be determined ineligible at the Rule 12(b)(6) stage 'when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law.'" *Simio, LLC v. FlexSim Software Products, Inc.*, 983 F.3d 1353, 1359 (Fed. Cir. 2020) (citing *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018)). CTP argues that there are plausible, factual allegations about aspects of the claimed inventions that, when taken as true, preclude a finding of patent ineligibility at the pleading stage. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, 1318–19 (Fed. Cir. 2019) (concluding that the district court erred in not presuming the truth of plaintiff's allegations about specific aspects of its claimed process—connecting a data capturing device to a mobile device to allow a user to automatically upload the gathered data to a website); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018) (finding that the district court erred in concluding that there were no underlying factual questions about the claimed inventive process of storing parsed data in an unconventional manner that improved efficiency, reduced storage costs, and eliminated redundancies).

Yet the Federal Circuit has repeatedly held that dismissal is appropriate when factual allegations are not plausible and are refuted by the record. *Berkheimer*, 881 F.3d at 1368 ("[N]ot every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry. . . Patent eligibility has in many cases been resolved on motions to dismiss or summary judgment."); *see also WhitServe LLC v. Dropbox, Inc.*, 854 Fed. Appx. 367, 373 (Fed. Cir. 2021) (affirming the district court's invalidation of a patent directed to the abstract idea of obtaining and storing backup copies). Tapestry contends that the complaint rests on conclusory allegations rather than factual assertions about the claims' inventiveness. *Simio, LLC*, 983 F.3d

7

at 1365 ("[The court] disregard[s] conclusory statements when evaluating a complaint under Rule 12(b)(6)."). In any event, Tapestry argues that its motion does not turn on any purported disputes, but instead focuses on CTP's claimed invention: A method for making targeted product offerings is nothing more than an abstract idea; there is no inventive concept claimed in these patents. *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1291 (Fed. Cir. 2018); *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1093 (Fed. Cir. 2019) ("The abstract idea itself cannot supply the inventive concept, no matter how groundbreaking the advance.")

This court agrees. Tapestry has not asserted that any of CTP's factual allegations are false. Instead, Tapestry focuses solely on the patentability of the "invention," and addresses nothing more than the language of the patents themselves, meaning that the court may consider this issue at the pleadings stage under § 101. And the court agrees, further, that the patents in this case appear to be invalid under § 101, as they are directed towards the abstract idea of using a customer's personal information to generate targeted product offerings.

In making that determination, the court adheres to the two-step test established by the Supreme Court in *Alice*. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 218 (2014). Under that test, in determining patentability, the court first considers "whether the claims at issue are directed to a patent-ineligible concept." *Id.* If the answer is yes, the court must then ask "whether the claim's elements, considered both individually and 'as an ordered combination,' 'transform the nature of the claim' into a patent-eligible combination." *Id.* at 217 (internal citations omitted).

As a preliminary matter, the court agrees with Tapestry that Claim 1 of the '743 patent ("Claim 1") is representative of all claims within the asserted patents. CTP argues that Tapestry does not support its argument that Claim 1 is representative of the asserted claims, and consequently fails to meet its burden to show invalidity of each claim of the patent. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) ("A claim is not representative because it is an independent claim."). CTP, however, does little more than identify minimal differences in phrasing between Claim 1 and other claims within the asserted patents. The court perceives no meaningful

8

differences between Claim 1 and the other asserted claims, and therefore turns to the question of whether the challenged claims are directed to patent-ineligible subject matter under the *Alice* test.

At step one, CTP contends that Claim 1 contains narrowing features that amount to a non-abstract improvement in an existing technological process. As the court reads Claim 1, however, it appears to use what the Federal Circuit calls "result-based functional language." *Two-Way Media Ltd. v. Comcast Cable Communications, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017). In *Two-Way Media Ltd.*, the patents-in-suit were directed to a system for streaming audio and visual data over a communications system like the internet. *Id.* at 1333. The court found that the representative claim that described the method for routing information required the functional results of "converting," "routing," "monitoring," and "accumulating records" but did not sufficiently describe how to achieve those results in a non-abstract way. *Id.* at 1334. Here, similarly, Claim 1 of patent '743 is directed toward an abstract idea—step one of the *Alice* test.

Turning to step two, CTP argues that like the challenged claims in *Cellspin*, it has presented plausible and specific factual allegations that Claim 1 is inventive, thereby surviving Tapestry's motion to dismiss. In *Cellspin*, the challenged claims were directed to the abstract idea of capturing and transmitting data from one device to another. *Cellspin*, 927 F.3d at 1315. At step two of the *Alice* test, the court concluded that the plaintiff in *Cellspin* had made "specific plausible factual allegations about why aspects of its claimed inventions were not conventional, e.g., its two-step, two-device structure requiring a connection *before* data is transmitted." *Id.* at 1318. Unlike the challenged claims in *Cellspin*, Claim 1 here presents no specific step-by-step process to bring about the desired result of targeted product offerings. True, as *Cellspin* recognizes, "[I]mplementing a well-known technique with particular devices in a specific combination . . .can be inventive." *Id.* But Claim 1 identifies no particular devices or structure that shows its claimed invention performs any relevant task. CTP correctly notes that the Federal Circuit has upheld the patentability of claims based on their non-conventional, non-generic

arrangement of known or conventional pieces. *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1302 (Fed. Cir. 2016); *BASCOM Global Internet Servs. Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016). But Claim 1 does not contain any non-conventional, non-generic arrangement in its process related to targeted product offerings. The court finds that Claim 1 does not contain an inventive concept beyond the abstract idea of targeted product offerings and accordingly, that the asserted patents fail to meet the standard for patent eligibility under § 101.

The court therefore will dismiss the complaint in this case without prejudice. Dismissal of the case as a whole may well result in invalidation of the patent, and the court is not prepared at this time to take that step. In three cases nearly identical to this one, CTP sued online retailers for patent infringement in the Eastern District of Texas. *Consol. Transaction Processing LLC v. Books-a-Million, Inc.,* No. 4:20-cv-607, 2021 WL 111497 (E.D. Tex. Jan. 12, 2021); *Consol. Transaction Processing LLC v. GameStop, Corp.*, No. 4:20-CV-440, 2020 WL 7396484 (E.D. Tex. Dec. 17, 2020*)); Consol. Transaction Processing LLC v. Petsmart, Inc.*, No. 4:20-CV-438, 2020 WL 7396486 (E.D. Tex. Dec. 17, 2020). In all three cases, the court denied Rule 12(b)(6) motions to dismiss, albeit without explaining its reasoning. This court takes the views of its colleagues seriously, and before issuing a final ruling in this case, will hear oral argument from the parties.

## **CONCLUSION**

The motion to dismiss [9] is granted without prejudice. The matter will be set for a brief oral argument to give counsel the opportunity to provide a further explanation of their arguments regarding validity.

Dated: September 30, 2023

_____
REBECCA R. PALLMEYER
United States District Judge

10